UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARRYL DAIGLE, SR., ET AL.,**     **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO.  14-1437** |
| **ASSUMPTION PARISH POLICY JURY, ET AL.,**     **Defendants** | **SECTION: "E" (3)** |

## ORDER AND REASONS

This is a civil action originally filed in state court.  Defendants Assumption Parish Policy ("Assumption") and Myron Matherne ("Matherne") have moved for remand and attorneys' fees.[1]  The question presented is whether a plaintiff who initially filed suit in state court may remove the action to federal court as a counterclaim defendant.  If removal was improper, the Court must further determine whether an award of costs and attorneys' fees is appropriate under 28 U.S.C. § 1447(c).  For the following reasons, the Motion is GRANTED, and this matter is REMANDED to the 23rd Judicial District Court for the Parish of Assumption.  Plaintiff shall pay all reasonable costs and attorneys' fees incurred by Defendants as a result of the removal.  The parties shall contact the magistrate judge within ten days to discuss the determination of quantum.

## BACKGROUND

Plaintiff Darryl Daigle ("Daigle") filed suit against Assumption in Louisiana state court on May 9, 2012.   Assumption responded with a reconventional demand.[2]  Daigle

---

[1] R. Doc. 5.
[2] A "reconventional demand" is the common law equivalent of a counterclaim.

1

answered the reconventional demand and filed an amended petition.[3]  Daigle then removed the case as a "defendant in reconvention."[4]

## LEGAL STANDARD

A civil action may be removed to federal court unless expressly prohibited by another statute.[5] The principles of comity and federalism mandate strict construction of removal statutes in order to minimize encroachment on the sovereignty of state courts.[6] Thus, "any doubt as to the propriety of removal should be resolved in favor of remand."[7] The removing party bears the burden of proving that removal is proper.[8]

## LAW AND ANALYSIS

It is unclear whether Daigle removes this matter as a plaintiff vis-à-vis his amended petition or alternatively as a counterclaim defendant vis-à-vis Assumption's reconventional demand.  Under either scenario, removal is improper.  As is clear from the plain language of the statute, removal is limited to a "defendant or defendants."[9] Moreover, decades of jurisprudence have established that a counterclaim defendant may not remove a case to federal court.[10]

Where, as here, a motion to remand is granted, the district court has discretion to award attorneys' fees and costs to the prevailing party.[11]  The question presented is

---

[3] Daigle included his answer and amended petition in the same pleading.
[4] R. Doc. 1.
[5] 28 U.S.C. § 1441(a).
[6] *See Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).
[7] *In re Hot–Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).
[8] *See In re DEEPWATER HORIZON*, 745 F.3d 157, 162–63 (5th Cir. 2014).
[9] 28 U.S.C. § 1441(a); 28 U.S.C. § 1146(a); *see also McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) ("[O]nly a defendant, never a plaintiff, may remove a civil action from state to federal court.")
[10] *See, e.g.*, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S.100, 108 (1941); *In re Crystal PowerCo., LTD.*, 641 F.3d 82, 85 n.10 (5th Cir. 2011) ("[W]hen a party voluntarily enters state-court litigation as a plaintiff, the subsequent filing of a counter-claim or cross-claim against it does not allow that party to invoke the right of removal conferred only on true defendants."); *see also* 14C Wright, Miller, & Cooper, *Federal Practice and Procedure*, § 3730 (4th ed. 2014) ("[P]laintiffs cannot remove, even when they are in the position of defendants with regard to a counterclaim asserted against them.").
[11] 28 U.S.C. § 1447(c).

whether the removing party had "an objectively reasonable basis" for seeking removal.[12] The Court can find no such basis in this case. Daigle's notice of removal violates the most basic precepts of federal law. He cites no case law, nor can this Court find any, that provides even a modicum of support for his position.

## CONCLUSION

Removal was improper and objectively unreasonable. The above-captioned matter will be remanded to state court, and Plaintiff shall bear all reasonable costs and expenses incurred as a result of the removal.

**New Orleans, Louisiana, this 30th day of November, 2014.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[12] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).